IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of H.J. MARTIN & SON, INC., a Wisconsin corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DICK CORPORATION, a corporation, et al.,<br><br>　　　　Defendants. | 1:06-cv-01369-OWW-SMS<br><br>**ORDER SETTING SETTLEMENT CONFERENCE (PER REQUEST OF THE PARTIES)**<br><br>Settlement Conference Date: 3/31/10, 9:30am, Ctrm. 7/**SMS**<br><br>Confidential Settlement Conference Statements Due: 3/24/10 |

Unless otherwise permitted in advance by Judge Snyder, **the attorneys who will try the case shall personally appear** at the settlement conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[1] at the settlement conference.

//

---

[1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors, or the like, shall be represented by a person or persons who occupy high executive positions in the party organization, and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

1

**In all five (5) remaining and related Miller Act cases, permission for the surety representatives to attend the settlement conference by telephone is GRANTED.** However, <u>the surety representative(s) must be *immediately* available throughout, until excused, regardless of time zone differences</u>. Otherwise, if settlement conference negotiations are not meaningful due to the non-appearance of one or more surety representatives, a follow-up settlement conference could be ordered, with one or more parties having to pay the costs thereof.

A Confidential Settlement Conference Statement is **MANDATORY**, and must be submitted to Judge Snyder's chambers on or before **March 24, 2010**, by e-mail to SMSOrders@caed.uscourts.gov. However, if the Statement is too voluminous to e-mail, counsel must instead provide a copy via U.S. Mail as follows:

> Honorable Sandra M. Snyder
> United States Magistrate Judge
> UNITED STATES DISTRICT COURT
> 2500 Tulare Street, Suite 1501
> Fresno, CA 93721
>
> **ATTN: Frances Robles**

Failure to so comply may result in the imposition of monetary and/or other sanctions.

The Statement should not be e-filed, nor filed with the Clerk's Office, nor served on any other party, although the parties may file a "Notice of Submission of Confidential Settlement Conference Statement" pursuant to Local Rule 270(d).[2] Each Statement shall be clearly marked "Confidential" with the date and

---

[2] The Court does not provide filed conformed copies of Confidential Settlement Conference Statements via mail. The Court will simply dispose of any extra copies, as well as return envelopes, provided by counsel for that purpose.

time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their Statements if settlement is not achieved and, if such a request is not made, the Court will dispose of the Statement.

The Confidential Settlement Conference Statement shall include the following:

 A. A brief statement of the facts of the case.

 B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and, a description of the major issues in dispute.

 C. A summary of the proceedings to date.

 D. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

 E. The relief sought.

 F. The party's position on settlement, including present demands and offers, and a history of past settlement discussions, offers, and demands.

If it is clear to counsel and/or the parties that this case is not in a settlement posture, counsel are DIRECTED to contact Judge Snyder's staff immediately. **OTHERWISE**, Judge Snyder will assume, and **REQUIRES**, the following:

 1. That plaintiff has provided defendant with a timely demand;

 2. That the parties have met and conferred sufficiently at least once prior to the Settlement Conference regarding possible settlement; and,

3

3. That the parties are therefore ready, willing, and able to settle the case, meaning that (A) defendant has settlement (not just nuisance value) authority, and (B) plaintiff is willing to negotiate in good faith.

If there is no settlement authority from either or any party and/or it is the hope of one or more parties that this Court assess strengths and weaknesses of each parties' cases such that this Court will hopefully convince a party to dismiss their lawsuit, **THIS IS NOT SETTLEMENT**. In such a situation, the parties are ordered to coordinate a telephonic conference call with this Court, through Courtroom Deputy Harriet Herman at (559) 499-5692 OR Judicial Assistant Frances Robles at (559) 499-5690, prior to the Settlement Conference, to discuss the status of settlement. Failure to do so could result in sanctions against any or all parties if appearances are made and it was known to one or more parties that the case cannot settle.

IT IS SO ORDERED.

**Dated:　February 18, 2010** 　　　　　　　**/s/ Sandra M. Snyder**
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE